Raul Plaza-Ramirez v. Sessions, Appeal 14-2828. Mr. Berg? Good morning, Your Honors. May it please the Court. My name is Roy L. Berg and I represent the petition on this next matter before you, Mr. Raul Plaza-Ramirez. Your Honors, on June 21st of this year, the U.S. Supreme Court issued a decision in Pereira v. Sessions. In Pereira, the Court addressed the charging document in removal proceedings, a document called a Notice to Appear for an NTA. In Pereira, the Supreme Court held in June that a putative NTA that does not contain the date and time of the hearing is not an NTA under Section 239 of the Immigration and Nationality Act, 8 U.S.C. 1229a, and therefore does not stop the time toward the 10 years required for cancellation of removal for certain non-prisoner residents. And so doing, the Court overturned a precedent decision of the Board of Immigration Appeals, matter of Camarero, a 2011 decision, refusing to give it Chevron deference. The Court holding the language of the statute is clear. 239 requires certain elements in an NTA, among those the date and time of the hearing. Your Honors, Mr. Plaza-Ramirez was issued such a defective NTA. He now has a qualifying relative, a U.S. citizen child, a 5-year-old little girl born in Aurora, Illinois. What's her name? Natalie. Natalie. Does he have any other children? With? No, he does not. His wife has a child that would be his stepchild. That other child was born in Mexico. And what's that child's name? I don't know that child's name, Your Honor. I apologize. Thank you. Your Honor, he now has... A few days, if I understand this correctly, Mr. Berg, a few days after he got the notice to appear without specific hearing information, he received a notice of hearing proceedings that was specific in those respects. I'm not sure exactly when it was, but it was not long after. He was arrested... June 16, 2010. Does that sound right? That sounds correct. Is that sufficient under 239 to stop the clock? I would say no, Your Honor. And I think the issue there is can the Department of Justice, which issued that notice of hearing, correct an effective notice to appear issued by the Department of Homeland Security? Only DHS can issue an NTA. And therefore, the Department of Justice, which oversees the courts, cannot cure that effective NTA. Only the Department of Homeland Security can do that. Your Honor, it was... Where do you get that rule? Where do I get the rule that... that only DHS documents count for these purposes? Only DHS can issue a notice to appear. Now, I think if we look at the board's decision in Camarillo, they looked at that and they said... they had looked at this court's decision in Nebrara, in which this court said that the combination of the two, the notice to appear and the notice of hearing, if issued by the DHS. Clearly, that's the last two sentences of the court's decision there. Is DHS requirement in the statute? The DHS requirement is in the regulation. The statute does not say who issues the notice to appear. The notice to appear is issued by regulation by DHS. The Supreme Court held that the notice to appear, under the plain language of the statute, to be an effective notice to appear, to be a notice to appear, to stop the time, must have a date and time. Your Honor, the board has not addressed this issue subsequent to Pereira. Counsel cites Bermuda's Coda, a decision from August 31st of the board. But in Bermuda's Coda, the board specifically did not address the stop time rule, because Mr. Bermuda's Coda was not seeking cancellation of removal. So a defective NTA issued by the Department of Homeland Security, the only ones that can issue a notice to appear, that does not have a date and time, does not stop the time. And what Justice Sotomayor said in a majority opinion is there's nothing to stop the Department of Homeland Security from issuing a subsequent notice to appear that is effective. Your Honor, we would submit that because he now has more than 10 years in the country and a qualifying relative, that the best course of action is to remand these proceedings for the board to address these changed circumstances, through which Pereira and the birth of his child. Your Honor, as to the other arguments in our brief, we would rest on our brief, but we would say simply that being beaten in the head with a pipe and threatened with death is more than mere harassment and does raise the level of persecution. And I would reserve whatever time I have remaining for rebuttal. All right, Mr. Berg, thank you. For the government, Mr. Conway. Good morning, Your Honor. May it please the Court, Kevin Conway for the U.S. government. The petitioner's motion to remand in this case should be denied because the motion to remand should be either stricken or denied based on the arguments that we put in our opposition. Reason being is that at the time that Mr. Plaza-Ramirez never applied for a cancellation of removal in the first place. And all of the documents and all of the evidence that Mr. Plaza-Ramirez now puts in his motion or argues in his motion is not before the Court. In his motion to remand, he is not asking this Court to take any action in regard to the request for relief that was the substance of his PFR or the object of his PFR. In that, he asked for asylum, withholding, removal, and protection of the cap. At the time that Mr. Ferreira was, excuse me, at the time that Mr. Plaza-Ramirez was in court for his removal hearing, he had already, I should say prior to the time that Mr. Ramirez was served with his notice to appear, he had been in the country, according to all of the evidence that's in the record of trial currently or in the certified administrative record, had already been in the country for a period of 10 years. So that was not anything that would stop him or prevent him from applying for cancellation of removal at the time of his hearing back when he was served with the notice to appear in 2010 or his hearing in 2012. At the time, he had no other, he didn't have any qualifying relatives at the time, so he was statutorily precluded from applying for cancellation of removal at that time. What Mr. Ramirez is asking the court to do now is to remand this matter for an entirely new form of relief, which is not before this court and for which he has not even applied at this time. So we believe that the motion to remand in this particular case is inappropriate. If we deny the petition, Mr. Conway, would the petitioner here be able to go back to immigration authorities and ask for that cancellation of removal in the theory that he's arguing today? My understanding from both Mr. Ramirez's initial motion to remand and his response to our opposition to the remand is that he has already filed a motion to reopen with the Board of Immigration Appeals, which we would say is the correct avenue that he should pursue in order to present new evidence to the Board of Immigration Appeals on an entirely new application for relief. So he already has that option open to him. There's no reason for this court to remand to accomplish something that Mr. Ramirez, the petitioner, already says he has set into motion. What would be the effect of the denial of a motion of withholding of removal? I'm sorry, Your Honor? What would be the effect of saying that he doesn't meet the standard for withholding of removal? That means that he would have a... He's got something else pending. Correct. Assuming that he actually has filed a motion to reopen, and that is heard by the Board of Immigration Appeals, or is allowed by the Board of Immigration Appeals, he would have an opportunity to pursue that form of relief. Should the Board deny that form of relief, he could take a... appeal that decision to this court so we still have an avenue of relief in that matter. So where is he in the meantime? I guess that's all I'm asking. Where is he physically in the meantime? Yeah, I mean, is he... When we go through this issue on withholding of removal and say, okay, he doesn't qualify for withholding of removal. So normally that means he's going to be deported. He can file a motion for a stay of removal either with the Board or with this court if he then... He has something else pending, huh? Okay. Okay. With regard to Mr. Ramirez's PFR on the merits of the case, any challenge to his denial of asylum in this case was waived by the prior counsel before the Board in his appellate brief to the Board, where he said specifically that he did not file the application within 10 years and specifically stated that he did not have a qualifying exception. Mr. Conway, let me raise with you one issue that troubles me. The Board said that this beating that Mr. Plaza-Ramirez described was not sufficient to amount to persecution, and you've endorsed that approach in your brief. In explaining that view, both the Board and your brief cite cases from this court in which we have on our deferential review of other Board decisions said, well, okay, this terrible thing that happened to this person does not necessarily amount to persecution, doesn't compel a finding that it's a persecution. And in a couple of cases in recent years, the ones that come to mind are Soboleva, which is 760 F3rd, 592, and Serbu, which was 718 F3rd at 658. Our court has remanded because of what in essence looks like a vicious circle of deference in administrative law. That is, we expect the Board to make its own expert decisions about what amounts to persecution. When we get those decisions on judicial review, we try to be relatively deferential, as the law requires us to be to those. But to then have our deferential decisions relied upon by the Board to say, oh, that's not persecution, seems to turn the logic of deference on its head. Do you follow me? I think so, Your Honor, yes. That is, if the Board is citing our deferential affirmances of their decisions as the standard for what is persecution, then the Board is effectively abandoning its role of deciding in the first instance what amounts to persecution. I'm not sure that I think that that is what the Board is doing. I think that what the Board is saying is that they have already decided that this was not persecution in those cases and in this case, or the immigration judge initially found that he didn't think that it rose to the level of persecution. It was one incident in which the individual was harmed. There is a reference to, I'm not sure, there's a report in the record that says, makes oblique references to the individual's injuries without ever specifying the body part that was injured, the treatments that were administered, and also says that actions were taken to mitigate any lasting effects. So that is what the Board has decided. I think what they say now, when it gets up to this level, and you then agree, when I say you, I mean the Court, the Court agrees that this is not persecution. That's why they are quoting that back to. I understand why they would do so, but there's a real potential problem here that has led us to remand for further review when the Board seems to be relying too much on our deferential administrative review to kind of ratchet the standard for persecution higher and higher and higher to an unrealistic level. I don't think that they've done that, that they've ratcheted this up to an unrealistic level in this case. And on top of that, even though the immigration judge found that this did not rise to the level of persecution, he also found that the petition did not demonstrate a nexus to a protected ground in this case. That's a much stronger foundation for the decision. Yes, and I think that, as you said, even if he was, even if it did rise to the level of persecution, that's only one of the two things that has to be shown, or one of the many things that has to be shown. And in this case, there was no nexus to, or did not demonstrate a nexus. He did try to state that it was his family that, in argument, that he was a member of a particular social group of family. And neither the board nor the immigration judge denied that family could be a particular social group, just that the harm that he has complained of, or complained of, did not, was not on account of his membership in the family. And his testimony, I think, bears that out by saying he was afraid of being harmed further by gangs. Anything further, Mr. Connelly? No, Your Honor. If there are no other questions of the Court, then I thank you. Thank you. Mr. Berg, rebuttal? Your Honor, as to the regulation that I cited earlier for the issuance of a notice to appear, that is ACFR 239.1. That lists who can issue a notice to appear. Those are all officers within the Department of Homeland Security, not the Department of Justice. As to cancellation of removal, the respondent was not eligible to apply for cancellation of removal because he did not have a qualifying relative at the time of his hearing in 2012. One of the requirements for cancellation of removal for certain non-permanent residents is that the individual have a spouse, parent or child, U.S. citizen, or permanent resident. At the time of his hearing, he did not have that. The child was born subsequent. As to withholding of removal, Judge Emanuel, withholding of removal is before the Court in our briefs. It is a type of relief from deportation where a person is saying that there is a clear probability that they will be harmed if they return to their home country. That and CAT are the two things that were before the Board. We are also asserting that he was indeed also eligible for asylum. I acknowledge what counsel has pointed out, what the prior counsel has done, but nonetheless I believe that looking strictly at interpreting this case and the law so as to favor him, which is what the Supreme Court has repeatedly said, the law is to be interpreted so as to favor the non-citizen. The changed circumstance in his case was the kidnapping of his then girlfriend, now wife, in 2010. Her sister. Excuse me. Sister. I apologize. Yes, John. If there are no further questions, we thank you very much. Once again, we believe remand is appropriate in this case for the Board to address cancellation of removal, the changed circumstances, and the decision prior. Thank you very much. All right. Thank you, Mr. Berg. Thank you, Mr. Conway. The case is taken under advisement.